# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kristina Brown ) | |
| ) | |
|    Plaintiffs, ) | Case No.: 17 CV 00085 |
| ) | |
|       v. ) | FIRST AMENDED |
| ) | COMPLAINT FOR VIOLATION OF |
| Chicago Police Officers Hector Estrada, ) | CIVIL RIGHTS |
| Star No. 11910, and Rodolpho Ortiz, Star ) | |
| No. 17341 ) | |
| ) | JUDGE BUCKLO |
|    Defendant. ) | |
| | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Kristina Brown ("Brown") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Chicago Police Officer Hector Estrada, Star No. 11910 (Estrada) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Chicago Police Officer Rodolpho Ortiz, Star No. 17341 (Ortiz) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

6. On or about December 28, 2016, Plaintiff was lawfully operating a motor vehicle located near 6849 S. Ada Street, in the City of Chicago, County of Cook, State of Illinois.

7. On that day and place several Chicago Police Officers, including Estrada and Ortiz, ordered Plaintiff to exit the motor vehicle she was operating.

8. There was no legal cause to seize Plaintiff.

9. Plaintiff did not consent to being seized.

10. After seizing Plaintiff a currently unknown female officer subjected Plaintiff to an intrusive search of her person including a search under her shirt and inside her pants.

11. There was no legal cause for searching Plaintiff's person in this manner.

12. Currently unknown officers also conducted a search of Plaintiff's personal property including a search of the contents of her cellular phone.

13. Plaintiff did not consent to the search of her personal property. There was no legal basis to search Plaintiff's personal property.

14. Plaintiff was seized by Chicago Police Officers, including Estrada and Ortiz, for a lengthy period of time handcuffed inside a police vehicle.

15. While handcuffed in the rear of the police vehicle Plaintiff's pants were unbuttoned while she was alone with two male police officers.

16. Prior to being seized Plaintiff had not engaged in any illegal behavior.

17. Defendants did not possess sufficient information for the initial seizure of Plaintiff, and even after learning that there was no information that would justify the continued seizure of Plaintiff Defendants continued to detain Plaintiff in handcuffs inside a police vehicle for a lengthy period of time.

18. Eventually Plaintiff was released without being subjected to a custodial arrest.

19. By reason of the above-described acts and omissions of currently unknown officers Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered emotional distress all to her damage in an amount to be ascertained.

20. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiffs Against Estrada and Ortiz for
### UNREASONABLE SEARCH and SEIZURE

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23. By reason of the conduct by currently unknown officers, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

24. Defendants violated Plaintiff's rights in the following manner: the initial seizure of Plaintiff's person was without any legal cause, the search of Plaintiff's body under her clothing was unreasonable and excessive, the search of Plaintiff's personal property was unreasonable, and the continued seizure of Plaintiff after learning that there was no basis for continuing to detain her was in violation of the Fourth Amendment. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

                BY:    s/ Garrett Browne
                            Garrett Browne
                            ED FOX & ASSOCIATES, Ltd.
                            Attorneys for Plaintiff
                            300 West Adams
                            Suite 330
                            Chicago, Illinois 60606
                            (312) 345-8877
                            gbrowne@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

                BY:    s/ Garrett Browne
                            Garrett Browne
                            ED FOX & ASSOCIATES, Ltd.
                            Attorneys for Plaintiff
                            300 West Adams
                            Suite 330
                            Chicago, Illinois 60606
                            (312) 345-8877
                            gbrowne@efox-law.com