UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kristina Brown | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 CV 00085 |
| | ) | |
| v. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| Chicago Police Officers Hector Estrada, | ) | |
| Star No. 11910, and Rodolfo Ortiz, Star | ) | |
| No. 17341 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HECTOR ESTRADA AND RODOLFO ORTIZ'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

Defendants, HECTOR ESTRADA and RODOLFO ORTIZ, by and through their undersigned counsel, in Answer to Plaintiff's First Amended Complaint for Violation of Civil Rights, state as follows:

**JURISDICTION AND VENUE**

1.    This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, and 1331.

**ANSWER:** Defendants admit that this action purports to be brought under 42 U.S.C. § 1983 and that this court has jurisdiction.

2.    Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants admit that venue is proper. Except as specifically admitted, the allegations in Paragraph 2 are denied.

## PARTIES

3. At all times herein mentioned, Plaintiff Kristina Brown ("Brown") was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in Paragraph 3.

4. At all times herein mentioned, Chicago Police Officer Hector Estrada, Star No. 11910 (Estrada) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 4 are denied.

## FACTUAL ALLEGATIONS

5. At all times herein mentioned, Chicago Police Officer Rodolfo Ortiz, Star No. 17341 (Ortiz) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 5 are denied.

6. On or about December 28, 2016, Plaintiff was lawfully operating a motor vehicle located near 6849 S. Ada Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      On that day and place several Chicago Police Officers, including Estrada and Ortiz, ordered Plaintiff to exit the motor vehicle she was operating.

**ANSWER:** Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      There was no legal cause to seize Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 8.

9.      Plaintiff did not consent to being seized.

**ANSWER**: Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 9.

10.     After seizing Plaintiff, a currently unknown female officer subjected Plaintiff to an intrusive search of her person including a search under her shirt and inside her pants.

**ANSWER:** Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     There was no legal cause for searching Plaintiff's person in this manner.

**ANSWER:** Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Currently unknown officers also conducted a search of Plaintiff's personal property including a search of the contents of her cellular phone.

**ANSWER:** Defendants deny that they searched the content of Plaintiff's personal property, including her cellular phone. Defendants lack sufficient knowledge upon which to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13.     Plaintiff did not consent to the search of her personal property. There was no legal basis to search Plaintiff's personal property.

**ANSWER:** Defendants deny the allegations contained in Paragraph 13.

      14.     Plaintiff was seized by Chicago Police Officers, including Estrada and Ortiz, for a lengthy period of time handcuffed inside a police vehicle.

      **ANSWER:** Defendants deny the allegations contained in Paragraph 14.

      15.     While handcuffed in the rear of the police vehicle Plaintiff's pants were unbuttoned while she was alone with two male police officers.

      **ANSWER:** Defendants deny the allegations contained in Paragraph 15.

      16.     Prior to being seized Plaintiff had not engaged in any illegal behavior.

      **ANSWER:** Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 15.

      17.     Defendants did not possess sufficient information for the initial seizure of Plaintiff, and even after learning that there was no information that would justify the continued seizure of Plaintiff Defendants continued to detain Plaintiff in handcuffs inside a police vehicle for a lengthy period of time.

      **ANSWER:** Defendants deny the allegations contained in Paragraph 17.

      18.     Eventually Plaintiff was released without being subjected to a custodial arrest.

      **ANSWER:** Defendants admit the allegations contained in Paragraph 18.

      19.     By reason of the above-described acts and omissions of currently unknown officers Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered emotional distress all to her damage in an amount to be ascertained.

      **ANSWER:** Defendants deny the allegations contained in Paragraph 19.

      20.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

      **ANSWER:** Defendants deny the allegations contained in Paragraph 20.

      21.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 21.

## COUNT I
## Unreasonable Search and Seizure

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate their answers to allegations 1-21 of the Complaint as though fully stated.

23. By reason of the conduct of currently unknown officers, Plaintiff was deprived of rights, privileges and immunities secured by her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations contained in Paragraph 23.

24. Defendants violated Plaintiff's rights in the following manner: the initial seizure of Plaintiff's person was without any legal cause, the search of Plaintiff's body under her clothing was unreasonable and excessive, the search of Plaintiff's personal property was unreasonable, and the continued seizure of Plaintiff after learning that there was no basis for continuing to detain her was in violation of the Fourth Amendment. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in Paragraph 24.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY
## UNDER FEDERAL LAW

Defendants are entitled to qualified immunity. At all times material to the events alleged in Plaintiff's First Amended Complaint, when objectively viewing the facts and circumstances that confronted Defendants, a reasonable police officer could have believed his actions to be lawful, in light of clearly established law and the information the Defendants possessed. Accordingly, Officer Estrada and Officer Ortiz are entitled to qualified immunity as to Plaintiff's federal claims.

## SECOND AFFIRMATIVE DEFENSE: IMMUNITY UNDER ILLINOIS LAW FOR PROSECUTION

Defendants are entitled to immunity under Illinois law for the prosecution of Plaintiff. At all times relevant hereto, Defendants acted within the course and scope of their duties as City of Chicago Police Officers, with probable cause and without malice, in their investigation and prosecution of Plaintiff. Therefore, they are not liable for the institution of judicial proceedings and subsequent prosecution of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE: CONTRIBUTORY NEGLIGENCE AND COMPARATIVE FAULT

To the extent any injuries or damages claimed by Plaintiff were proximately caused by the negligent, willful, wanton, and/or wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by her must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to her by the jury.

WHEREFORE, Defendants Hector Estrada and Rodolfo Ortiz pray for judgment in their favor and the costs of this action.

## JURY DEMAND

The Defendants request a trial by jury.

Respectfully submitted,

By: /s/Eric S. Palles
Ravitz & Palles, P.C.

GARY RAVITZ
ERIC S. PALLES
EMILY WESSEL FARR
RAVITZ & PALLES, P.C.
203 N. LaSalle, Suite 2100
Chicago, IL 60601
(312) 558-1689