UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kristina Brown | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 CV 00085 |
| | ) | |
| v. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| Chicago Police Officers Hector Estrada, Star No. 11910, and Rodolfo Ortiz, Star No. 17341, Lynn Meuris, Star No. 9591, Clinton D. Sebastian, Star No. 1944, Julie Follis, Star No. 19222, Michael D. Bennett, Star No. 15667, Vincent J. Turner, Star No. 16484, Adam Daoud, Star No. 9732, Joseph D. Gray, Star No. 15784, Sherrick L. Davis, Star No. 12192, Christopher J. Enter, Star No. 13762, and the City of Chicago, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

Defendant-Officers Hector Estrada, Rodolfo Ortiz, Lynn Meuris, Clinton D. Sebastian, Julie Follis, Michael D. Bennett, Vincent J. Turner, Adam Daoud, Joseph D. Gray, Sherrick L. Davis, Christopher J. Enter and Defendant the City of Chicago, by and through their undersigned counsel, in Answer to Plaintiff's Second Amended Complaint for Violation of Civil Rights, state as follows:

**JURISDICTION AND VENUE**

1.  This action arises under the United States Constitution and the Civil Rights Act of

1

1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, and 1331.

**ANSWER:** Defendants admit that this action purports to be brought under 42 U.S.C. § 1983 and that this court has jurisdiction.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants admit that venue is proper. Except as specifically admitted, the allegations in Paragraph 2 are denied.

## PARTIES

3. At all times herein mentioned, Plaintiff Kristina Brown ("Brown") was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in Paragraph 3.

4. At all times herein mentioned, Chicago Police Officer Hector Estrada, Star No. 11910 (Estrada) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 4 are denied.

## FACTUAL ALLEGATIONS

5. At all times herein mentioned, Chicago Police Officer Rodolfo Ortiz, Star No. 17341 (Ortiz) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 5 are denied.

2

6. At all times herein mentioned, Chicago Police Officer Lynn Meuris, Star No. 9591 (Meuris) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in her individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 6 are denied.

7. At all times herein mentioned, Chicago Police Officer Clinton D. Sebastian, Star No. 1944 (Sebastian) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 7 are denied.

8. At all times herein mentioned, Chicago Police Officer Julie Follis, Star No. 19222 (Follis) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in her individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 8 are denied.

9. At all times herein mentioned, Chicago Police Officer Michael D. Bennett, Star No. 15667 (Bennett) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 9 are denied.

10. At all times herein mentioned, Chicago Police Officer Vincent J. Turner, Star No.

16484, (Turner) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 10 are denied.

11. At all times herein mentioned, Chicago Police Officer Adam Daoud, Star No. 9732 (Daoud) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 11 are denied.

12. At all times herein mentioned, Chicago Police Officer Joseph D. Gray, Star No. 15784 (Gray) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 12 are denied.

13. At all times herein mentioned, Chicago Police Officer Sherrick L. Davis, Star No. 12192 (Davis) was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 13 are denied.

14. At all times herein mentioned, Chicago Police Officer Christopher J. Enter, Star No. 13762 (Enter) was employed by the Chicago Police Department as a police officer, and was

acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that they were police officers acting under color of state law and as employees of the Chicago Police Department at all times pertaining to the allegations in this Complaint. Except as admitted, the allegations of Paragraph 14 are denied.

15. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times the City of Chicago was the employer of all individual defendants.

**ANSWER:** Defendants admit that at all relevant times the City of Chicago was a municipal corporation organized and existing under the laws of the State of Illinois, that the City of Chicago Police Department is a department of the City of Chicago and operates as such, and that at all relevant times, the City of Chicago was the employer of all individual defendants. Except as specifically admitted, Defendant deny the allegations contained in Paragraph 15.

## FACTUAL ALLEGATIONS

16. On or about December 28, 2016, Plaintiff was lawfully operating a motor vehicle located near 6849 S. Ada Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 16.

17. On that day and place several Chicago Police Officers, including Estrada, Ortiz, Meuris, Sebastian, Follis, Bennett, Turner, Daoud, Gray, Davis, and/or Enter ordered Plaintiff to exit the motor vehicle she was operating.

**ANSWER:** Defendants admit that Officer Sebastian ordered the Plaintiff to exit the motor vehicle. Except as specifically admitted, the allegations contained in Paragraph 17 are denied.

18. There was no legal cause to seize Plaintiff.

5

**ANSWER:** Defendants deny the allegations contained in Paragraph 18.

19. Plaintiff did not consent to being seized.

**ANSWER**: Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 19.

20. After seizing Plaintiff Meuris and/or Follis subjected Plaintiff to an intrusive search of her person including a search under her shirt and inside her pants.

**ANSWER:** Defendants Meuris and Follis deny the allegations contained in Paragraph 20. Defendants Estrada, Ortiz, Sebastian, Turner, Daoud, Gray, Davis, and Enter lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 20.

21. There was no legal cause for searching Plaintiff's person in this manner.

**ANSWER:** Defendants deny the allegations contained in Paragraph 21.

22. Meuris, Sebastian, Follis, Bennett, Turner, Daoud, Gray, Davis, and/or Enter conducted a search of Plaintiff's personal property including a search of the contents of her cellular phone.

**ANSWER:** Defendants deny the allegations contained in Paragraph 22.

23. Plaintiff did not consent to the search of her personal property. There was no legal basis to search Plaintiff's personal property.

**ANSWER:** Defendants deny the allegations contained in Paragraph 23.

24. Plaintiff was seized by Chicago Police Officers, including Estrada, Ortiz, Meuris, Sebastian, Follis, Bennett, Turner, Daoud, Gray, Davis, and/or Enter, for a lengthy period of time handcuffed inside a police vehicle.

**ANSWER:** Defendants deny the allegations contained in Paragraph 24.

25. While handcuffed in the rear of the police vehicle Plaintiff's pants were unbuttoned while she was alone with two male police officers.

**ANSWER:** Defendants deny the allegations contained in Paragraph 25.

6

26. Prior to being seized Plaintiff had not engaged in any illegal behavior.

**ANSWER:** Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Defendants did not possess sufficient information for the initial seizure of Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 27.

28. Even after learning that there was no information that would justify the continued seizure of Plaintiff Defendants continued to detain Plaintiff in handcuffs inside a police vehicle for a lengthy period of time.

**ANSWER:** Defendants deny the allegations contained in Paragraph 28.

29. Eventually Plaintiff was released without being subjected to a custodial arrest.

**ANSWER:** Defendants admit the allegations contained in Paragraph 29.

30. By reason of the above-described acts and omissions of Estrada, Ortiz, Meuris, Sebastian, Follis, Bennett, Turner, Daoud, Gray, Davis, and/or Enter Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered emotional distress all to her damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations contained in Paragraph 30.

31. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations contained in Paragraph 31.

32. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 32.

## COUNT I
## Unreasonable Search and Seizure

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate their answers to allegations 1-32 of the Second Amended Complaint as though fully stated.

34. By reason of the conduct by Estrada, Ortiz, Meuris, Sebastian, Follis, Bennett, Turner, Daoud, Gray, Davis, and/or Enter, Plaintiff was deprived of rights, privileges and immunities secured by her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations contained in Paragraph 34.

35. Defendants violated Plaintiff's rights in the following manner: the initial seizure of Plaintiff's person was without any legal cause, the search of Plaintiff's body under her clothing was unreasonable and excessive, the search of Plaintiff's personal property was unreasonable, and the continued seizure of Plaintiff after learning that there was no basis for continuing to detain her was in violation of the Fourth Amendment. Therefore, Defendants, and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in Paragraph 35.

## COUNT II
## Plaintiff Against Meuris, Follis, and The City of Chicago For
## The Supplemental Claim of
## BATTERY

This Count makes no claim for relief against Defendants Estrada, Ortiz, Sebastian, Turner, Daoud, Gray, Davis, and Enter; therefore, they make no response thereto.

36. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

**ANSWER:** Defendants Meuris, Follis, and the City of Chicago hereby incorporate their answers to allegations 1-32 of the Second Amended Complaint as though fully stated.

37. Meuris and/or Follis wrongfully and without legal justification touched Plaintiff's persons under her clothing.

8

**ANSWER:** Defendants Meuris, Follis, and the City of Chicago deny the allegations contained in Paragraph 37.

38.    Plaintiff did not consent to Meuris and/or Follis touching her body under her clothing.

**ANSWER:** Defendants Meuris, Follis, and the City of Chicago deny the allegations contained in Paragraph 38.

39.    As a result of the foregoing, Plaintiff sustained damage.

**ANSWER:** Defendants Meuris, Follis, and the City of Chicago deny the allegations contained in Paragraph 39.

40.    The City of Chicago is liable to Plaintiffs [sic] for the acts of Mueris [sic] and/or Follis pursuant to the doctrine of *respondeat superior.*

**ANSWER:** Defendants the City of Chicago, Meuris, and Follis deny that the Defendant Officers committed the acts in a manner described in the Second Amended Complaint, but admit that at all times material to the Second Amended Complaint, Officers Meuris and Follis were under color of law and in the scope of their employment as employees of the City of Chicago. Except as specifically admitted, Defendants the City of Chicago, Meuris, and Follis deny the allegations contained in Paragraph 40.

41.    Therefore, Meuris, Follis, and the City of Chicago are liable under the supplemental state law claim of battery.

**ANSWER:** Defendants Meuris, Follis, and the City of Chicago deny the allegations contained in paragraph 41.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY UNDER FEDERAL LAW

Defendants are entitled to qualified immunity. At all times material to the events alleged

in Plaintiff's Second Amended Complaint, when objectively viewing the facts and circumstances that confronted Defendants, a reasonable police officer could have believed his actions to be lawful, in light of clearly established law and the information the Defendants possessed. Accordingly, Defendant Officers are entitled to qualified immunity as to Plaintiff's federal claims.

## SECOND AFFIRMATIVE DEFENSE: CONTRIBUTORY NEGLIGENCE AND COMPARATIVE FAULT

To the extent any injuries or damages claimed by Plaintiff were proximately caused by the negligent, willful, wanton, and/or wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by her must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to her by the jury.

## THIRD AFFIRMATIVE DEFENSE: LIMITED DAMAGES FOR STATE LAW CLAIM

As to Plaintiff's state law claim of battery, Defendants Meuris, Follis, and the City of Chicago are not liable to pay attorney's fees.

## FOURTH AFFIRMATIVE DEFENSE: IMMUNITY FOR THE CITY OF CHICAGO UNDER ILLINOIS LAW FOR PUNITIVE AND EXEMPLARY DAMAGES

Under the Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-102.

WHEREFORE, Defendant-Officers Hector Estrada, Rodolfo Ortiz, Lynn Meuris, Clinton D. Sebastian, Julie Follis, Michael D. Bennett, Vincent J. Turner, Adam Daoud, Joseph D. Gray, Sherrick L. Davis, Christopher J. Enter and Defendant the City of Chicago pray for judgment in their favor and the costs of this action.

**JURY DEMAND**

The Defendants request a trial by jury.

                                        Respectfully submitted,

                                        By: /s/Eric S. Palles
                                        Ravitz & Palles, P.C.

GARY RAVITZ
ERIC S. PALLES
EMILY WESSEL FARR
RAVITZ & PALLES, P.C.
203 N. LaSalle, Suite 2100
Chicago, IL 60601
(312) 558-1689