IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kristina Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 CV 85 |
| v. ) | |
| ) | |
| Chicago Police Officers Hector Estrada, Star ) | Bucklo, J. |
| No. 1190, Rodolpho Ortiz, Star No. 17341, ) | |
| Lynn Meuris, Star No. 9591Clinton D. ) | |
| Sebastian, Star No. 1944, Julie Follis, Star ) | |
| No. 19222, and the City of Chicago, ) | |
| ) | |
| Defendants. ) | |

### **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO BAR WITNESSES**

NOW come Defendants, by and through their attorneys, and respond to Plaintiff's Motion to Bar Witnesses as follows:

### **Background**

1. Plaintiff filed this action on January 5, 2017 against "Unknown Officers" and the City of Chicago. Dkt. 1.

2. Plaintiff amended her Complaint on March 24, 2017 and added Officers Hector Estrada and Rodolfo Ortiz. Dkt. 7.

3. Plaintiff amended her Complaint again on October 11, 2017 and added Officers Lynn Meuris, Clint Sebastian, Julie Follis, Michael D. Bennett, Vincent J. Turner, Adam Daoud, Joseph D. Gray, and Christopher J. Enter. Dkt. 21

4. Plaintiff alleges 1) unreasonable seizure, 2) unreasonable search , and 3) battery, which was added in the First Amended Complaint. Dkt. 1, Dkt. 7, Dkt. 21.

1

5.      Regarding her claims of unreasonable search and seizure, Plaintiff alleges: "the initial seizure of Plaintiff's person was without any legal cause, the search of Plaintiff's body under her clothing was unreasonable and excessive, the search of Plaintiff's personal property was unreasonable, and the continued seizure of Plaintiff after learning that there was no basis for continuing to detain her was in violation of the Fourth Amendment." Dkt. 7, Dkt. 21.

### The Investigative Alert

6.      On May 14, 2018, Plaintiff's counsel requested, without objection by Defendants, an Agreed Motion to Extend Discovery. Dkt. 43.

7.      In her motion to extend discovery, Plaintiff stated: "One of Plaintiff's claims is this matter alleges that she was subjected to an unconstitutional seizure. Recently discovered discovery materials indicate that a basis for length of Plaintiff's seizure may have been the existence of an "investigative alert" that was issued approximately one-and-one-half years before her seizure. Dkt. 43, ¶ 8. Plaintiff "requested an additional amount of time to take the deposition of the individual apparently responsible for initiating the investigative alert (Officer Nicholas Cortesi), and the individual that determined the investigative alert had expired (Sgt. Winstead). Dkt. 43, ¶ 9.

8.      This Court granted Plaintiff's motion on May 15, 2018, and ordered discovery closed on June 15, 2018. Dkt. 46.

9.      On June 7, 2018, Defense counsel supplemented their Rule 26 disclosures in anticipation of the close of discovery. In addition to updating complimentary and CR history, Defense counsel produced the newly-received Area South Investigative File corresponding with the previously-produced Investigative Alert arising out of an incident on May 2, 2015 allegedly

involving Plaintiff. As part of their supplemental disclosures, Defendants added certain officers appearing in the A&A sheets (Hinton, Wicency Jusz, Daniel Kavalauskas, Murphy, Guajardo, and Bosy) as well as certain individuals appearing in the Investigative File (Officers Kenneth Johnson, Ryan C. Doherty and John Yniguez, and a civilian witness, Deseria C. Lewis). In attempting to resolve the issues raised by this Motion the parties have agreed that Defendants will eliminate the first group of officers, identified in the A & A sheets, but not the second group of witnesses implicated by the Investigative Alert.

10. On June 12, 2018, Plaintiff's counsel deposed Sergeant Winstead. On June 22, 2018, Plaintiff's counsel deposed Sergeant Cortesi. Both officers testified that the Investigative Alert was recorded as "active" on December 28, 2016, when Kristina Brown was stopped. As a consequence, Plaintiff has moved to file a Third Amended Complaint and to conduct *Monell* discovery. Should Plaintiff succeed in that effort, the nature of the Investigative Alert, including who was responsible for monitoring it, if anyone, is relevant. Therefore, Defendants must have the benefit of individuals who can lay the foundation for the alert. Those officers are Kenneth Johnson, the Reporting Officer to the scene on May 2, 2015, John Yniguez, another Reporting Officer to the scene on May 2, 2015, Ryan Doherty, the Approving Supervisor on May 2, 2015, and Deseria Lewis, listed as the sole witness to the events of May 2, 2015. *See* **Exh. A (FCRL00119, FCRL00124, and FRCL00126)**.

11. Should the history behind the Investigative Alert become moot, or otherwise inadmissible at trial, Defendants may not have a need for these witnesses, nor may they be relevant. However, as of today, they may be necessary to call and they remain relevant for the reasons stated above.

WHEREFORE, for the reasons set forth in this Response, Defendants move that this Court deny Plaintiff's motion in part as to named witnesses Doherty, Yniguez, Johnson, and Lewis.

        Respectfully submitted,

        */s/Emily Wessel Farr*
        Emily Wessel Farr
        One of the Attorneys for Defendants

Eric S. Palles
Gary Ravitz
Emily Wessel Farr
Ravitz & Palles, P.C.
203 N. LaSalle, Suite 2100
Chicago, IL 60601

## Certificate of Service

I, Emily Wessel Farr, an attorney, hereby certify that on June 29, 2018, I caused the foregoing Defendants' Response to Plaintiff's Motion to Bar Witnesses to be served through the ECF System to all attorneys of record.

        */s/Emily Wessel Farr*